MATTER OF RODRIGUEZ

In Adjustment of Status Proceedings

A-11240700

*Decided by Regional Commissioner December 28, 1967*

An alien, a native and citizen of Cuba, who arrived in the United States on January 1, 1959, at which time he was paroled, and who was further inspected and paroled at a later date, has been "inspected and admitted or paroled into the United States subsequent to January 1, 1959" for the purposes of adjustment of his status pursuant to the provisions of section 1 of the Act of November 2, 1966.

**Discussion:** The case comes forward by certification from the District Director, San Juan, Puerto Rico, who denied the application on the ground that the applicant has not been inspected and admitted or paroled into the United States subsequent to January 1, 1959, as contemplated by the statute.

The applicant is a native and citizen of Cuba, born in Artemisa, Pinar del Rio, Cuba on November 7, 1919. He last arrived in the United States on January 1, 1959 at New Orleans, Louisiana and requested political asylum. He was paroled until January 5, 1959 to report to the New York City Office of the Service. However, he actually reported on January 5, 1959 to our Miami Office where his parole was continued indefinitely. On May 4, 1959, pursuant to the applicant's request, he was authorized by our Miami Office to proceed to New York City. The record indicates the applicant was, in effect, reparoled for an indefinite period at New York on May 18, 1959. He was subsequently referred to a Special Inquiry Officer who, on November 3, 1959, found him excludable on documentary grounds and ordered his exclusion and deportation. The applicant declined to appeal, and on November 3, 1959 he was reparoled under section 212(d)(5) of the Immigration and Nationality Act. He has remained in this country in that status until the present time.

On February 27, 1967, he made application for adjustment of status to that of a permanent resident under the provisions of section 1 of the Act of November 2, 1966 (Public Law 89-732), which states in pertinent part that:

549

*The status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 . . . . may be adjusted . . . . to that of an alien lawfully admitted for permanent residence if the alien makes an application for adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.* (emphasis supplied).

The sole question in the instant case is whether the applicant has in fact been inspected and admitted or paroled into the United States subsequent to January 1, 1959.

It is well established that an alien who is paroled into the United States has not made an "entry" within the meaning of the immigration laws (*Leng May Ma v. Barber*, 357 U.S. 185 (1958)). In addition, section 212(d)(5) of the Immigration and Nationality Act provides that parole of an alien into the United States shall not be regarded as an admission, and that when the purpose of the parole has been served, the alien's case shall be dealt with in the same manner as any other applicant for admission to this country. Thus, parole upon application for admission clearly contemplates further inspection of the alien as to his admissibility.

Section 1 of the Act of November 2, 1966 does not require that the alien must have *arrived* in the United States subsequent to January 1, 1959. It requires that, subsequent to that date, the alien must have been "inspected and admitted or paroled into the United States". In the case of the applicant, his inspection, which commenced when he arrived in the United States on January 1, 1959, was continued at Miami on January 5, 1959. Pursuant to the latter inspection, he was again paroled, this time for an indefinite period. It is concluded that the applicant meets this statutory requirement, as well as the other requirements of section 1 of Public Law 89–732. Accordingly, the application will be approved.

ORDER: The decision of the District Director, San Juan, Puerto Rico, is reversed, and the application for adjustment of status is approved.